UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAKOTA BUROKER, Individually and On Behalf of All Others Similarly Situated, | Case No._____ |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| CASTLE BRANDS INC., MARK ANDREWS III, JOHN F. BEAUDETTE, HENRY C. BEINSTEIN, PHILLIP FROST, RICHARD M. KRASNO, RICHARD J. LAMPEN, STEVEN D. RUBIN, and MARK ZEITCHICK, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Dakota Buroker ("Plaintiff"), on behalf of himself and all others similarly situated, upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Class Action Complaint:

## NATURE OF THE ACTION

1.      This is a class action brought by Plaintiff on behalf of himself and all other public stockholders of Castle Brands Inc. ("Castle Brands" or the "Company") against Castle Brands and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and United States Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9") and to enjoin the expiration of a tender offer (the "Offer") on a proposed transaction, pursuant to which Castle

Brands will be acquired by Austin, Nichols & Co., Inc., an affiliate of Pernod Ricard S.A. ("Parent") and Parent's newly-formed subsidiary Rook Merger Sub, Inc. ("Merger Sub") (the "Proposed Transaction").

2.      On August 28, 2019, Castle Brands and Parent issued a joint press release announcing that they had entered into an Agreement and Plan of Merger (the "Merger Agreement") whereby Castle Brands stockholders will be entitled to receive $1.27 in cash per share of Castle Brands' common stock they own (the "Offer Price").

3.      On September 11, 2019, in order to convince Castle Brands' public stockholders to tender their shares in the Offer, defendants caused Castle Brands to file a Schedule 14D-9 Recommendation Statement (the "Recommendation Statement") with the SEC, which omits or misrepresents material information concerning the Proposed Transaction.   The failure to adequately disclose such material information renders the Recommendation Statement false and misleading.

4.      For these reasons, and as set forth in detail herein, Plaintiff alleges that defendants violated Sections 14(d), 14(e), and 20(a) of the 1934 Act as Castle Brands' stockholders need suck information in order to make a fully informed decision whether to tender their shares in support of the Proposed Transaction or seek appraisal.   Plaintiff seeks to enjoin the expiration of the Offer unless and until such 1934 Act violations are cured.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d)(4), 14(e) and 20(a) of the 1934 Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the 1934 Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists.  Castle Brands is headquartered in this District.  Moreover, each of the Individual Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

## PARTIES

8.      Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Castle Brands.

9.      Defendant Castle Brands is a Florida corporation and maintains its principal executive offices at 122 East 42nd Street, Suite 5000, New York, New York 10168.  Castle Brands' common stock is traded on the NYSE American under the ticker symbol "ROX."

10.      Defendant Mark Andrews III is, and has been at all relevant times, Chairman of the Board.

11.      Defendant John F. Beaudette is, and has been at all relevant times, a director of the Company.

12.      Defendant Henry C. Beinstein is, and has been at all relevant times, a director of the Company.

13.      Defendant Phillip Frost is, and has been at all relevant times, a director of the Company.

14.     Defendant Richard M. Krasno is, and has been at all relevant times, a director of the Company.

15.     Defendant Richard J. Lampen is, and has been at all relevant times, the Company's CEO and a director.

16.     Defendant Steven D. Rubin is, and has been at all relevant times, a director of the Company.

17.     Defendant Mark Zeitchick is, and has been at all relevant times, a director of the Company.

18.     Defendants referenced in paragraphs 10 to 17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons and entities that own Castle Brands common stock (the "Class").  Excluded from the Class are defendants and their affiliates, immediate families, legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

20.     Plaintiff's claims are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

21.     The Class is so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through discovery, Plaintiff believes that there are thousands of members in the Class.  As of the close of business on September 9, 2019, there were 170,372,173 shares of Company common stock outstanding.  All members of the Class may be identified from records maintained by Castle

Brands or its transfer agent and may be notified of the pendency of this action by mail, using forms of notice similar to that customarily used in securities class actions.

22.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm Plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

23.     Plaintiff will fairly and adequately protect the interests of the Class, and has no interests contrary to or in conflict with those of the Class that Plaintiff seeks to represent.  Plaintiff has retained competent counsel experienced in litigation of this nature.

24.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.   Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

25.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### Company Background

26.     Castle Brands develops and markets premium and super premium brands in the following beverage alcohol categories: rum, whiskey, liqueurs and vodka.  The Company also develops and markets related non-alcoholic beverage products, including Goslings Stormy Ginger Beer.  Castle Brands distributes its products in all 50 U.S. states and the District of Columbia and in thirteen primary international markets, including Ireland, Great Britain, Northern Ireland, Germany, Canada, France, Finland, Norway, Sweden, Holland, and the Duty Free markets.

27.     Parent is the number two worldwide producer of wines and spirits with consolidated sales of €8,987 million in FY18.  Created in 1975 by the merger of Ricard and Pernod, Parent,

which owns 16 of the Top 100 Spirits Brands, holds one of the most prestigious and comprehensive brand portfolios in the industry, including: Absolut Vodka, Ricard pastis, Ballantine's, Chivas Regal, Royal Salute, and The Glenlivet Scotch whiskies, Jameson Irish whiskey, Martell cognac, Havana Club rum, Beefeater gin, Malibu liqueur, Mumm and Perrier-Jouët champagnes, as well Jacob's Creek, Brancott Estate, Campo Viejo, and Kenwood wines. Parent's common stock is traded on the Euronext under the ticker symbol "RI."

**The Proposed Transaction**

28.     On August 28, 2019, Castle Brands and Parent issued a joint press release announcing the Proposed Transaction.  The press release stated, in relevant part:

> PARIS and NEW YORK – August 28, 2019 – Pernod Ricard (Euronext Ticker RI; ISIN Code: FR0000120693) and Castle Brands Inc. (NYSE American: ROX), today announced that they have entered into a definitive agreement under which Pernod Ricard, through a subsidiary, will acquire all of the outstanding common stock of Castle Brands for $1.27 per share in cash, or approximately $223 million, plus the assumption of debt, through a cash tender offer followed by a merger.
>
> Under the terms of the merger agreement, which has been unanimously approved by the Castle Brands Board of Directors, Castle Brands shareholders will receive $1.27 in cash for each outstanding share of Castle Brands common stock they own, representing a 92% premium to Castle Brands' closing share price on August 27, 2019, and a 109% premium to the 30-day volume weighted average share price through such date.
>
> Alexandre Ricard, Chairman and Chief Executive Officer of Pernod Ricard, stated, "Through this acquisition we welcome this great brand portfolio, in particular, Jefferson's bourbon whiskey, to the Pernod Ricard family. Bourbon is a key category in the US which is our single most important market. This deal aligns well with our consumer-centric strategy to offer our consumers the broadest line-up of high-quality premium brands. As with our American whiskies Smooth Ambler, Rabbit Hole and TX, we would provide Jefferson's a strong route to market and secure its long-term development, while remaining true to its authentic and innovative character."
>
> "We are very pleased to reach an agreement with Pernod Ricard, which is the result of months of planning and deliberation by our Board of Directors," said Richard J. Lampen, President and Chief Executive Officer of Castle Brands. "We are

confident that this transaction, upon closing, will deliver immediate and substantial cash value to our shareholders."

The merger agreement provides for a cash tender offer to acquire all outstanding shares of Castle Brands to be launched shortly. The closing of the tender offer will be subject to certain conditions, including the tender of shares representing at least a majority of Castle Brands' outstanding shares, early termination or expiration of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act, and other customary conditions. Once the tender offer is successfully completed, Pernod Ricard will acquire all shares not acquired in the tender offer through a second-step merger in which the holders of the outstanding shares of Castle Brands common stock not tendered in the offer will receive the same per share price paid in the tender offer, in cash. The transaction is expected to close in the fourth quarter of 2019.

## The Recommendation Statement Contains Material Misstatements or Omissions

29.     Defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to Castle Brands' stockholders.  The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to tender their shares in connection with the Offer or seek appraisal.

30.     The Recommendation Statement fails to disclose material information relating to Castle Brands management's financial projections, relied upon by the Company's financial advisors, Perella Weinberg Partners LP ("Perella") and Houlihan Lokey Capital, Inc. ("Houlihan"), for their analyses, as well as the analyses performed by Perella and Houlihan.

31.     In connection with Perella's Discounted Cash Flow Analysis ("DCF") and Houlihan's DCF, the Recommendation Statement fails to disclose (i) EBITDA burdened by stock-based compensation, less taxes, less capital expenditures, and adjusting for changes in net working capital that the Company is projected to generate for the final nine months of fiscal year 2020 and fiscal years 2021 and 2022; (ii) the Company's net operating losses ("NOLs") over the projection

period; (iii) the Company's cash and cash equivalents and restricted cash; (iv) equity method investments; and (v) debt and non-controlling interests.

32.     With respect to Perella's Selected Publicly Traded Companies Analysis, Selected Transactions Analysis and Sum-of-the-Parts Analysis, the Recommendation Statement fails to disclose: (i) debt; (ii) the value of the 19.9% non-controlling interest in Gosling-Castle Partners Inc. ("GCP"); (iii) cash, and cash equivalents, including restricted cash; and (iv) investments, in each case as provided by management of the Company.

33.     With respect to Perella's DCF, the Recommendation Statement fails to disclose: (i) the estimated standalone unlevered free cash flows that the Company is projected to generate for the final nine months of fiscal year 2020 and fiscal years 2021 and 2022, utilized by Perella in the analysis; (ii) the inputs and assumptions used to calculate the range of discount rates of 10.0% to 13.0%; (iii) debt; (iv) the value of the 19.9% non-controlling interest in GCP; (v) cash, and cash equivalents, including restricted cash; and (vi) investments, in each case as provided by management of the Company.

34.     With respect to Houlihan's Selected Companies Analysis, the Recommendation Statement fails to disclose (i) cash and cash equivalents; (ii) restricted cash; (iii) equity method investments; (iv) the present value of federal tax savings from the Company's NOLs; (v) debt; and (vi) non-controlling interests, in each case as provided by management of the Company.

35.     With respect to Houlihan's DCF, the Recommendation Statement fails to disclose: (i) the estimated net present value of the projected unlevered, after-tax free cash flows of the Company, utilized by Houlihan in the analysis; (ii) the inputs and assumptions used to calculate the range of discount rates of 11.5% to 14.5%; (iii) cash, cash equivalents, and restricted cash; (iv) equity method investments; (v) the present value of federal tax savings from the Company's NOLs;

(vi) debt; and (vii) non-controlling interests in each case as provided by management of the Company.

36.    The Recommendation Statement also fails to disclose material information relating to the process leading to the Proposed Transaction.

37.    For example, the Recommendation Statement fails to disclose whether the non-disclosure agreements Castle Brands entered into with ten counterparties are still in effect and/or contain "don't ask, don't waive" standstill provisions that are presently precluding these counterparties from making a topping bid for the Company.

38.    Additionally, the Recommendation Statement fails to disclose whether any of Parent's prior proposals or indications of interest mentioned management retention or equity participation in the combined company.

39.    The Recommendation Statement also fails to disclose material information concerning potential conflicts of interest of the Company's financial advisors Perella and Houlihan.

40.    For example, the Recommendation Statement sets forth that "Perella Weinberg and its affiliates are currently providing investment banking services to Parent on matters unrelated to the Transaction for which it expects to receive compensation." Recommendation Statement at 41. Yet, the Recommendation Statement fails to disclose the amount of compensation Perella is expected to receive for these investment banking services.

41.    The Recommendation Statement also fails to disclose any services performed by Houlihan for the Company, Parent, or Parent's affiliates in the last two years and the fees received for these services, as well as the fees received by Houlihan for acting as financial advisor to Ladenburg Thalmann Financial Services Inc. ("Ladenburg") in connection with Ladenburg's

repurchase of a substantially majority of the shares held in Ladenburg by defendant Frost and his affiliates.

42.     The omission of the above-referenced material information renders the Recommendation Statement false and misleading, including, inter alia, the following sections of the Recommendation Statement: Certain Prospective Financial Information (Unaudited), Opinions of the Company's Financial Advisors, and Background of the Merger.

43.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## CLAIMS FOR RELIEF

## COUNT I

**Class Claims Against All Defendants for Violations
of Section 14(d) of the 1934 Act and SEC Rule 14d-9**

44.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45.     Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Castle Brands stockholders to tender their shares in the Offer.

46.     Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

47.     Similarly, SEC Rule 14d-9 promulgated thereunder states:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be

necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

48.     The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

49.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading.   Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

50.     The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and other members of the Class, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Offer.  Plaintiff and the Class have no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff and the Class be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Class Claims Against All Defendants for Violations of Section 14(e) of the 1934 Act**

51.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52.     Section 14(e) of the 1934 Act states:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

53.     Defendants violated Section 14(e) of the 1934 Act by issuing the Recommendation Statement to Castle Brands' public stockholders in order to solicit them to tender their shares in the Offer, in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.

54.     Defendants were negligent in allowing the Recommendation Statement to be disseminated with the above-referenced materially misleading statements.  As directors and officers of Castle Brands, the Individual Defendants had a duty to carefully review the Recommendation Statement before it was disseminated to the Company's stockholders to ensure it did not contain untrue statements of material fact and did not omit material facts.  The Individual Defendants were negligent in carrying out their duty.

55.     Castle Brands is imputed with the negligence of the Individual Defendants, who are each directors and/or officers of Castle Brands.

56.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the 1934 Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

**Class Claims Against the Individual Defendants for
Violation of Section 20(a) of the 1934 Act**

57.      Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

58.     The Individual Defendants acted as controlling persons of Castle Brands within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Castle Brands and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

59.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

60.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of this document.

61.     In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions the Company directors had input into.

62.     By virtue of the foregoing, the Individual Defendants have violated section 20(a)

of the 1934 Act.

63.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) of the 1934 Act and SEC Rule 14d-9 promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, Castle Brands' stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Castle Brands, and against defendants, as follows:

A.     Ordering that this action may be maintained as a class action and certifying Plaintiff as the Class representative and Plaintiff's counsel as Class Counsel;

B.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

C.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff and the Class;

D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: September 20, 2019

/s/

**WEISSLAW LLP**
Richard A. Acocelli
1500 Broadway, 16th Floor
New York, New York 10036
Tel: (212) 682-3025
Fax: (212) 682-3010

*Attorneys for Plaintiff*

**OF COUNSEL:**

**BRAGAR EAGEL & SQUIRE, P.C.**
Alexandra B. Raymond
885 Third Avenue, Suite 3040
New York, New York 10022
Tel: (646) 860-9158
Fax: (212) 214-0506
Email: raymond@bespc.com

*Attorneys for Plaintiff*